IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO: 5:18-CR-487 |
| ) | |
| v. ) | Judge Dan Aaron Polster |
| ) | |
| LAMARR HILL, ) | |
| ) | |
| Defendant. ) | **OPINION AND ORDER** |
| ) | |

### I. Introduction

Before the Court is Defendant Lamarr Hill's Motion to Reduce Sentence and for Immediate Compassionate Release. ECF Doc. 149. On June 27, 2019, Hill was sentenced to 77 months in prison after he pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine, fentanyl, acetylfentanyl, 4-chloroethcathinone, ADB-FUBINACA, and 4-ANPP. ECF Doc. 9; ECF Doc. 54. He is currently being held at FCI Cumberland with an expected release date of April 10, 2025.[1]

On April 22, 2021, the Government filed an opposition to Hill's motion (ECF Doc. 154) and, on April 29, 2021, Hill filed a reply. ECF Doc. 158. The Court also received correspondence from Mr. Hill in support of his motion on May 3, 2021. For the reasons stated herein, Hill's Motion to Reduce Sentence and for Immediate Compassionate Release is DENIED.

---

[1] Federal Bureau of Prisons Inmate Search as of May 5, 2021.

## II. Exhaustion

Before petitioning the Court for compassionate release, a defendant must show that he has "fully exhausted all administrative rights" to request relief from the Bureau of Prisons ("BOP"), or else must show that thirty (30) days have elapsed since a request has been received by the warden of the defendant's facility. 18 U.S.C. § 3582(c)(1)(A). This "mandatory claim-processing rule" must be enforced when raised in opposition to an improperly filed motion. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. Jun. 2, 2020). Hill represents that he has exhausted his request for a sentence reduction, and the government does not argue otherwise. ECF Doc. 149 at 2.

## III. Factors Warranting Early Release

Under 18 U.S.C. § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the community, and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

### A. Extraordinary and Compelling Reasons

To determine whether extraordinary and compelling reasons for sentence modification exist, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *See United States v. Jones*, No. 20-3701, 980 F.3d 1098, 1109 (6th Cir. Nov. 20, 2020) ("Until the Sentencing Commission updates § 1B1.13 to reflect the First

Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release…").

Hill represents that he has asthma[2] and was previously hospitalized with acid reflux and gastroesophageal reflux disease (GERD). The Government acknowledges that asthma, if moderate to severe, is on the CDC's latest list of conditions that may make it more likely that COVID-19 will cause severe illness.[3] However, Hill has not submitted any evidence (other than his own statement) showing that he has been diagnosed with asthma, let alone moderate to severe asthma. In fact, the medical records he has submitted consistently show that he was not having any respiratory issues. *See, e.g.,* ECF Doc. 149-5 at 2, 6, 8, 9, 10, 11. And, Mr. Hill's gastrointestinal condition, which *is* documented in the submitted medical records, is not on the CDC's list. Thus, it is questionable whether Hill is even at a greater risk of contracting COVID-19 than other inmates.

Hill's argument is further weakened because the Government has shown that he was offered and refused the COVID-19 vaccination on February 26, 2021. ECF Doc. 154-1 at 1. The Court agrees with other courts confronting this issue that a prisoner should not be permitted to qualify for compassionate release by declining to receive a COVID-19 vaccine, without justification. Such rulings would discourage prisoners from becoming vaccinated in the hopes of early release. *See, e.g. United States v. Austin,* 2021 U.S. Dist. LEXIS 56340 at 5-6 (E.D. Mich. Mar. 25, 2021) (Cleland, J.)*; United States v. Jackson,* 2021 U.S. Dist. LEXIS 39807 at *4 (D. Minn. Mar. 3, 2021) (Magnuson, J.) ("Jackson's decision to refuse the vaccine flies in the face of any medical recommendation regarding the vaccines. While he is within his rights to refuse any

---

[2] Hill provides very little information regarding his asthma. He does not describe this condition as severe or indicate that he requires the use of an inhaler or nebulizer.
[3] The CDC's List of Conditions (updated on March 29, 2021)

3

treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk."); *United States v. Williams,* 2021 U.S. Dist. 18354 at *7 (D. Ariz. Feb. 1, 2021) (Rayes, J.) (defendant's explanation for refusal was "incredible in light of his claim that his risk of a serious illness from the COVID-19 virus is an extraordinary and compelling reason for his immediate release").

In his reply, Hill argues that he refused the vaccination shot because the medical staff would not tell him which shot he was receiving, and he was concerned that it could cause blood clots and death. But Hill hasn't cited any scientific evidence supporting this concern; if such scientific evidence later materializes, nothing will prevent Hill from filing another motion for compassionate release. And, even if Hill had provided support for his concern about the vaccine, it undermines his other argument — that he is concerned he is more susceptible to severe illness from COVID 19. Stated differently, Hill has moved the Court to release him from prison due to his increased concerns of getting COVID-19, but he refused to get the COVID-19 vaccination due to other alleged concerns. As noted by other Courts facing this issue, Hill should not be permitted to decline the COVID-19 vaccination and then cite his concerns of contracting it as a basis for compassionate release.

Moreover, Hill does not meet the second prong of the "extraordinary and compelling reasons" test. Currently, FCI Cumberland has only one active case, and that involves a staff member.[4] This represents a wholly negligible infection rate within the facility.[5] And, the BOP has begun to vaccinate its inmates, which Hill has refused. ECF Doc. 154 at 14. Because

---

[4] COVID-19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited May 5, 2021).
[5] There are currently 1,151 inmates held at FCI Cumberland. FCI Cumberland, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/cum/ (last visited May 5, 2021).

"extraordinary and compelling" reasons are a necessary component of the Court's ability to grant compassionate release, and as Hill has failed to provide such reasons, his motion cannot be granted.

> **B.** **Danger to the Community**

The Court also notes that Hill's motion would fail under the second prong for considering early release. Hill's criminal record is significant and includes a history of assault and trafficking heroin. Hill also admitted to selling fentanyl and methamphetamine, which are particularly deadly. Given this history, Hill has not shown that he poses no danger to the community if released.

Hill's motion does not show any extraordinary or compelling reason warranting a reduction of his sentence. He may not even have a diagnosis or serious physical or medical condition that places him at a greater risk than other inmates. In defining "extraordinary and compelling," many courts have held that a generalized risk of contracting COVID-19 while incarcerated is not extraordinary and compelling. *United States v. Williams,* No. 2:18-cr-2, 2021 U.S. Dist. LEXIS 22954 (S.D. Ohio Feb. 8, 2021); *see also United States v. Jent,* No. CR 6:13-026-DCR, 2020 U.S. Dist. LEXIS 217818 (E.D. Ky. Nov. 20, 2020); *United States v. Pratt*, No. 16-CR-20677-5, 2020 U.S. Dist. LEXIS 202291 (E.D. Mich. Oct. 30, 2020) (denying compassionate release to a 23-year-old inmate with asthma); *United States v. Cleveland,* No. 1:17-CR-29, 2020 U.S. Dist. LEXIS 192162 (N.D. Ohio Oct. 16, 2020). Hill also refused the COVID-19 vaccination and has failed to show that he is no longer a danger to the safety of others and/or his community. Because Hill has not shown any extraordinary or compelling reason warranting a reduction of his sentence, his motion must be denied.

C.     **18 U.S.C. § 3553(a) Factors**

Even if the Court were to find that Hill had established "extraordinary and compelling reasons" for compassionate release, reduction of his sentence would not be warranted. Compassionate release is inappropriate upon consideration of the sentencing factors in 18 U.S.C. § 3553(a). The statute lists seven factors the Court must weigh:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range;

(5)   any pertinent policy statement;

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). When a court initially considers the § 3553(a) factors during sentencing, the court need not pen a lengthy opinion regarding 3553(a) factors. *See United States v. Jones*, 2020 U.S. App. LEXIS 36620, at *30 ("Reading the judge's compassionate release decision and the original sentencing hearing transcript together reveals that the district judge carefully considered all relevant § 3553(a) factors."). When deliberating a motion for compassionate release, the Court must decide whether to weigh the factors differently because of a change in circumstances. Generally, the factors favor release when a high-risk defendant has less than a year of his or her sentence remaining. *See Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *10.

Here, Hill was sentenced to 77 months incarceration and has nearly four years remaining on his sentence. *See United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (noting that in deciding whether to grant a sentence reduction, the amount of time the defendant has served on his sentence encompasses several § 3553(a) sentencing factors). Furthermore, Hill has failed to establish that he no longer poses a danger to the safety of any other person or the community. Hill has a significant criminal history and admitted to selling fentanyl and methamphetamine. *See United States v. Relliford*, No. 20-3868, 2021 U.S. App. LEXIS 5188, at *2-3 (6th Cir. Feb. 22, 2021) (finding that a district court properly weighed the 3553(a) factors, when the court considered the seriousness of the defendant's current offense and the length of time remaining on Defendant's sentence.) Given these facts, the § 3553(a) factors weigh against granting Hill compassionate release. *See United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009) (district courts have "broad discretion to determine what sentence will serve [§ 3553(a)'s] statutory objectives.").

### IV. Conclusion

Accordingly, for the reasons stated herein, the Court DENIES Hill's pending motion for compassionate release. ECF Doc. 149.

**IT IS SO ORDERED.**

Dated: May 5, 2021  */s/ Dan Aaron Polster*
**Dan Aaron Polster**
**United States District Judge**